**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03082-WJM

FLORENCE E. MARONEY,

    Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER VACATING AND REMANDING
DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

---

    This matter is before the Court on Plaintiff Florence E. Maroney's appeal from the Final Decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for supplemental security income. Plaintiff has filed her Opening Brief (ECF No. 17), the Commissioner filed a Response (ECF No. 18), and Plaintiff filed a Reply (ECF No. 21). The Commissioner has also filed the administrative record with the Court. (ECF No. 8.) On August 20, 2012, this action was reassigned to the undersigned. (ECF No. 22.) After carefully analyzing the briefs and the administrative record, the Court VACATES the Commissioner's Final Decision and REMANDS for further proceedings consistent with this Order.

## I. JURISDICTION

    The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

## II. BACKGROUND

    Plaintiff is currently 46 years old. (ECF No. 8 at 241, 250, 342.) She is 4'11 and

weighs approximately 90 pounds.  (*Id.*)  Plaintiff suffers from degenerative disc disease of the cervical and lumbar spine, osteoarthritis, hypertension, and depressive disorder.[1] (*Id*. at 14.)  Plaintiff completed 11 years of schooling, and worked in the past at various jobs, including a "lead stocker" and a warehouse worker, until she stopped working in October 2002.  (*Id*. at 13,-14, 47.)

After Plaintiff's application for supplemental security income was denied, she requested a hearing before an administrative law judge.  (*Id.* at 43-85, 91-93.)  On April 22, 2010, Administrative Law Judge James A. Wendland (the "ALJ") presided over Plaintiff's hearing.  (*Id.* at 43-85.)

On July 9, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act").  (*Id*. at 11-27.)  The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*).  Under Step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her June 23, 2008 application date.  (*Id*. at 14.)  At Step 2, the ALJ determined that Plaintiff had severe impairments consisting of degenerative disc disease of the cervical and lumbar spine, osteoarthritis, hypertension, and depressive disorder.  (*Id*.)  Under Step 3, the ALJ found that Plaintiff's impairments did not meet or equal any Listing found at in 20 C.F.R. pt. 404, subpt. P, app. 1.  (*Id*.)

Also under Step 3, the ALJ further determined that Plaintiff had a residual functional capacity ("RFC") for light work, except she: (1) could only occasionally stoop,

---

[1] As discussed below, Plaintiff may now suffer from additional medical impairments.

crouch, kneel, or climb ramps or stairs; (2) could not climb ladders, ropes, or scaffolds; (3) could not perform work above the shoulder level, perform push/pull activities, or perform extended reaching with her upper extremities; (4) could not handle or finger objects on a more than frequent basis; (5) could not work at unguarded heights or near unguarded, hazardous mechanical equipment; (6) could only superficially interact with the public; and (7) could not perform repetitive up-and-down or side-to-side neck movements. (*Id*. at 17.)

Under Step 4, the ALJ found that Plaintiff's RFC did not allow her to return to her past relevant work. (*Id*. at 25-26.) However, under Step 5, as a result of the RFC assessment, and considering Plaintiff's age, education, and work experience, the ALJ held that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (specifically, small production assembler and dispatcher/routing clerk). (*Id*.)

Plaintiff appealed the ALJ's decision, and the Appeals Council declined review on July 20, 2011. (*Id.* at 1-5.) She then appealed that decision by initiating this administrative appeal on July 28, 2011. (ECF No. 1.)

### III. ANALYSIS

**A.     Standard of Review**

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992). The review is limited to determining whether the Commissioner applied the correct legal standard and

whether the Commissioner's decision is supported by substantial evidence. *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

**B.     Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last

for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national

economy.  *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

**C.   Discussion**

In her briefs, Plaintiff argues, *inter alia*, that the ALJ erred by: (1) improperly discounting her subjective complaints; (2) improperly evaluating the limitations arising from her mental impairments; (3) not considering all of her impairments in combination; (4) failing to develop the record; and (5) failing to properly consider and evaluate the opinions of record.  (ECF No. 17 at 7-17.)  Plaintiff also argues that the case should be remanded in order for the ALJ to consider additional medical evidence which was not previously available.  (*Id*. at 10-12, 17.)  The Court agrees that the ALJ should consider and weigh the new medical evidence in combination with Plaintiff's previously submitted medical evidence, and vacates and remands for further investigation on this basis.

In determining whether a claimant's physical or mental impairment or impairments are of a sufficient medical severity to be disabling under the Act, the ALJ will consider the combined effect of all of the impairments without regard to whether any such impairment, if considered separately, would be of such severity.  *See* 20 C.F.R. § 416.923; *see also Langley v. Barnhart*, 373 F.3d 1116, 1124 (10th Cir. 2004) (the ALJ must consider the combined effect of all of the claimant's impairments, both severe and non-severe, throughout the disability determination process).  Further, "[a]n ALJ must evaluate every medical opinion in the record."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).  In determining what weight to give any medical opinion, the ALJ must consider factors such as whether the physician personally examined the claimant,

whether the physician was a treating physician, the extent to which the physician gave supporting explanations for her opinions, and the extent to which the physician's opinions are consistent with the record as a whole.  *See* 20 C.F.R. § 416.927(d).

After the ALJ rendered his decision, Plaintiff submitted the following new medical evidence to the Appeals Council only (ECF No. 8 at 4, 414):  In February 2010, Plaintiff sought treatment from Kristin Gearhart, a counselor.  (*Id*. at 462.)  Ms. Gearhart diagnosed Plaintiff with moderate major depressive disorder and generalized anxiety disorder.  (*Id*. at 464.)  Plaintiff followed up with Ms. Gearhart and other counselors from March through June 2010, at which time Plaintiff was diagnosed with possible bipolar disorder.  (*Id*. at 451-59.)  Ms. Gearhart also noted that Plaintiff was the victim of sexual abuse as a child and physical abuse as an adult.  (*Id*.)

In June 2010, Plaintiff sought treatment from Bruce Jensen, M.D.  (*Id*. at 447-51.)  Dr. Jensen diagnosed Plaintiff with moderate major depressive disorder, possible bipolar I disorder, and anxiety disorder.  (*Id*. at 451.)  Dr. Jensen also noted that Plaintiff was the victim of sexual abuse as a child and physical abuse as an adult. (Id.)  In August 2010, Plaintiff reported to Dr. Jensen that she had withheld that she had been suffering auditory and visual hallucinations since she was 18 years old.  (*Id*. at 438.)  By October 2010, Dr. Jensen diagnosed Plaintiff with paranoid schizophrenia, post-traumatic stress disorder ("PTSD"), and moderate major depressive disorder.  (*Id*. at 420, 439.)

In addition to mental health treatment, Plaintiff also received treatment at Aurora South and the University of Colorado Hospital.  (*Id*. at 468-501.)  On or about October

2010, Plaintiff was diagnosed with rheumatoid arthritis.  (*Id*. at 496.)

In denying review of the ALJ's decision, the Appeals Council only stated that it considered and rejected the above described new medical evidence.  In the Court's view, however, the interests of justice call out for a remand in this case.  A remand would be proper in order to allow for the ALJ to consider this new evidence in combination with Plaintiff's previous impairments, in order to determine if Plaintiff is disabled within the meaning of the Act.  This case will accordingly be vacated and remanded on this basis.[2]  *See Hamlin*, 365 F.3d at 1215; *Jensen*, 436 F.3d at 1165; *Winfrey*, 92 F.3d at 1019.

The Court is not passing judgment on the proper weight that should be accorded the medical opinions or evidence described above.  Furthermore, because the Court vacates and remands based on the circumstances described above, the Court need not address the other arguments raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (where the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).  The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of those arguments.  The Court also does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand.  *See Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) ("We do

---

[2] It is significant that Plaintiff's counsel previously sought a supplemental hearing for the purpose of submitting additional evidence.  (*Id*. at 151, 227.)  However, the AJL denied Plaintiff's request.  (*Id*.)

not dictate any result [by remanding the case].  Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case.") (citation and quotation marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that the Commissioner's final decision is VACATED and the case is REMANDED for further proceedings consistent with this Order.

Dated this 19th day of November, 2012.

BY THE COURT:

William J. Martínez
United States District Judge